(108 So. 85)

**STATE v. KNIGHTON et al.    (7 Div. 213.)**

(Court of Appeals of Alabama. April 6, 1926.)

**1. Criminal law ⬅➡100(3).**

Pendency of preliminary proceedings in county court on warrant of arrest issued therefrom does not interfere with jurisdiction of circuit court on indictment for same crime.

**2. Grand jury ⬅➡1.**

Grand jury, regularly impaneled and sworn under Code 1923, §§ 8665–8667, is supreme inquisitorial body of county, and no preliminary acts of any court or judge can limit its powers.

**3. Constitutional law ⬅➡56.**

Jurisdiction of circuit court acting through its grand jury, impaneled and sworn under Code 1923, §§ 8665–8667, is not restricted or interfered with by sections 5217–5248.

Appeal from Circuit Court, Cherokee County; O. A. Steele, Judge.

Petition by Jay Knighton and Ernest Vines for habeas corpus. From a judgment granting the writ, the State appeals. Reversed and rendered.

Harwell G. Davis, Atty. Gen., for the State. E. O. McCord & Son, of Gadsden, for appellees.

Briefs of respective counsel did not reach the Reporter.

SAMFORD, J. [1] Petitioners were arrested on warrants issued from the county court on affidavits duly made charging them with the crime of rape. The county court

has preliminary jurisdiction only of the crime charged.· Pending the proceedings in the county court the grand jury was legally called into session by the judge of the circuit court, and the crime charged by the affidavits was investigated by it, and indictments were returned into the circuit court. The jurisdiction of the county court in the premises is not of equal or concurrent jurisdiction with the circuit court, and therefore the pendency of the preliminary proceedings in that court could ·not interfere with the jurisdiction of the circuit court. The indictment of defendants in the circuit court superseded the proceedings in the county court and rendered further consideration of questions in that court moot.

[2, 3] The provisions of chapter 213, Code 1923, are not designed to in any manner restrict or to interfere with the jurisdiction of the circuit court acting through its grand jury regularly· impaneled and sworn under sections 8665, 8666, and 8667 of the Code of 1923. When the grand jury is so impaneled and sworn, it becomes the supreme inquisitorial body of the county, and no preliminary act of any court or judge can limit its powers.

The order of the judge releasing the defendants from the indictment and remanding them to the custody of the sheriff, under the preliminary charge, is reversed, and an order will here be rendered remanding the defendants to the custody of the sheriff of Cherokee county, under the capias issued on the indictments found and returned by the grand jury.

Reversed and rendered.